HENRY PASS, PLAINTIFF, v. MERCHANTS TRADE SECURI-
TIES CORPORATION AND COMMERCIAL CREDIT COR-
PORATION, DEFENDANTS.

Submitted October term, 1930—Decided June 24, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and LLOYD.

For the rule, *Green & Green.*

*Contra, I. Faerber Goldenhorn.*

PER CURIAM.

This is defendant Commercial Credit Corporation's rule
for a new trial in an action where the plaintiff Pass recovered
a judgment for the value of an automobile which it was
claimed had been unlawfully taken possession of by the de-
fendant under an attachment against the Quality Motor Car
Company.

Three grounds, substantially, are urged for making the
rule absolute: (1) That the court should have controlled
the case by nonsuit or direction of·a verdict for the defendant;
(2) that the verdict was against the weight of the evidence;
and (3) that the damages are excessive.

The case made by the plaintiff was that the car, a Stanley
Steamer, had been purchased from the Quality Motor Com-
pany and a few months later was taken to the service station
of that company for repairs; that while in the service station
it was taken out by the defendant under the attachment pro-
ceedings and sold.

The first two reasons are based on the contention that there was not sufficient evidence that the plaintiff's car was the one taken out of the service station or that the persons who took it were the agents of the defendant.

The car was clearly identified by the plaintiff as the one he had purchased and we entertain no doubt that the defendant was directly involved in the steps taken to obtain the possession of the car and its subsequent sale. Our conclusion, therefore, is that the court properly refused to withdraw the case from the jury, and that the verdict was not against the weight of the evidence.

Nor do we deem the damages excessive. The car had been purchased seven months before the seizure for $3,515; the jury's award was $2,500, and there was credible evidence to support the finding.

The rule for new trial is discharged.